UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEO SHUMACHER, | ) |
|            Plaintiff, | ) ) ) |
|     v. | ) Case No. _____ ) ) JURY TRIAL DEMANDED |
| KRATON CORPORATION, DAN F. SMITH, SHELLEY J. BAUSCH, MARK A. BLINN, ANNA C. CATALANO, KEVIN M. FOGARTY, DOMINIQUE FOURNIER, JOHN J. GALLAGHER, III, KAREN A. TWITCHELL, and BILLIE I. WILLIAMSON, | ) ) ) ) ) ) ) ) |
|            Defendants. | ) ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff Leo Shumacher ("Plaintiff"), on behalf of himself and upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. This action arises from a proposed transaction (the "Transaction") through which Kraton Corporation ("Kraton" or the "Company") will be acquired by DL Chemical Co., Ltd. ("Parent"), DLC US Holdings, Inc. ("Intermediate Merger Sub") and DLC US, Inc. ("Merger Sub").

2. On September 27, 2021, Kraton's Board of Directors (the "Board") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Parent, Intermediate Merger Sub, and Merger Sub. Pursuant to the terms of the Merger Agreement, Kraton's stockholders will receive $46.50 in cash for each share of Kraton common stock they

own.  The Transaction is valued at approximately $2.5 billion.

3. On October 21, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Transaction.  The Proxy Statement, which recommends that Kraton stockholders vote in favor of the Transaction, omits or misrepresents material information concerning, among other things: (i) the Company's financial projections; and (ii) the analyses performed by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan").

4. The Proxy Statement omits material information with respect to the Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Kraton.

9. Defendant Kraton is a Delaware corporation and a party to the Merger Agreement. Kraton's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "KRA."

10. Defendant Dan F. Smith is Chairman of the Board of the Company.

11. Defendant Shelley J. Bausch is a director of the Company.

12. Defendant Mark A. Blinn is a director of the Company.

13. Defendant Anna C. Catalano is a director of the Company.

14. Defendant Kevin M. Fogarty is a director of the Company.

15. Defendant Dominique Fournier is a director of the Company.

16. Defendant John J. Gallagher III is a director of the Company.

17. Defendant Karen A. Twitchell is a director of the Company.

18. Defendant Billie I. Williamson is a director of the Company.

19. Defendants identified in paragraphs 10-18 are collectively referred to herein as the "Individual Defendants."

## FACTUAL BACKGROUND

**Background of the Company and the Transaction**

20. Kraton is a leading global producer of specialty polymers and high-value performance products derived from renewable resources. Kraton's polymers are used in a wide range of applications, including adhesives, coatings, consumer and personal care products, sealants and lubricants, and medical, packaging, automotive, paving and roofing products. As the largest

global provider in the pine chemicals industry, the Company's pine-based specialty products are sold into adhesive, road and construction and tire markets, and it produces and sells a broad range of performance chemicals into markets that include fuel additives, oilfield chemicals, coatings, metalworking fluids and lubricants, inks and mining. Kraton offers its products to a diverse customer base in over 70 countries worldwide.

21. According to the press release announcing the Transaction:

> HOUSTON, Sept. 27, 2021 /PRNewswire/ -- Kraton Corporation (NYSE: KRA) ("Kraton"), a leading global sustainable producer of specialty polymers and high-value bio-based products derived from pine wood pulping co-products, today announced that it has entered into a definitive merger agreement (the "Merger Agreement") pursuant to which DL Chemical Co., Ltd. ("DL Chemical"), a subsidiary of DL Holdings Co., Ltd. (formerly Daelim Industrial Co., Ltd.), will acquire 100% of Kraton in an all-cash transaction implying an enterprise value of approximately $2.5 billion. Under the terms of the Merger Agreement, Kraton stockholders will receive $46.50 in cash for each share of Kraton common stock they own. As part of the transaction DL Chemical has conveyed that they have fully committed financing.
>
> ***
>
> The Merger Agreement was unanimously approved by Kraton's Board of Directors, which has recommended that Kraton stockholders vote in favor of the transaction. The acquisition is subject to certain customary closing conditions, including the receipt of stockholder and regulatory approvals, and is expected to close by the end of the first half of 2022.
>
> J.P. Morgan Securities LLC is acting as exclusive financial advisor, and King & Spalding LLP is acting as legal counsel to Kraton in connection with the transaction. Goldman Sachs is acting as financial advisor, and O'Melveny & Myers LLP is acting as legal counsel to DL Chemical in connection with the transaction.

**The Proxy Statement Contains Material Omissions**

22. On October 21, 2021, the Company authorized the filing of the Proxy Statement with the SEC. The Proxy Statement recommends that the Company's shareholders vote in favor of the Transaction.

23. As set forth below, the Proxy Statement omits material information.

24. First, the Proxy Statement omits material information regarding the Company's financial projections.

25. Specifically, the Proxy Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

26. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

27. Second, the Proxy Statement fails to disclose material information regarding the financial analyses performed by J.P. Morgan. The Proxy Statement describes J.P. Morgan's fairness opinion and the analyses supporting that opinion. That description, however, omits key inputs and assumptions underlying these analyses. Without this information, as described below, Kraton's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on J.P. Morgan's fairness opinion in determining whether to vote in favor of the Transaction or seek appraisal.

28. Regarding J.P. Morgan's Public Trading Multiples analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies.

29. Regarding J.P. Morgan's Selected Transaction Analysis, the Proxy Statement fails to disclose: (i) the individual multiples and metrics for the transactions; (ii) the closing dates of the transactions; and (iii) the total values of the transactions.

30. Regarding J.P. Morgan's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; and (iii) net debt and other adjustments.

31. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

32. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

33. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Kraton**

34. Plaintiff repeats all previous allegations as if set forth in full.

35. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

36. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the background of the Transaction, and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by J.P. Morgan. The defendants were at least negligent in filing the

Proxy Statement with these materially false and misleading statements

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Transaction or seek to exercise their appraisal rights.

38. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

40. Plaintiff repeats all previous allegations as if set forth in full.

41. The Individual Defendants acted as controlling persons of Kraton within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Kraton and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Preliminarily and permanently enjoin defendants, and all persons acting in concert with them from proceeding with, consummating or closing the Transaction;

B. In the event defendants consummate the Transaction, rescind and set it aside or award rescissory damages;

C. Direct the Individual Defendants to disseminate a supplemental or amended Proxy Statement that does not contain untrue statements of material fact and that states all material facts necessary to make the statements contained therein not misleading;

D. Declare that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as

well as Rule 14a-9 promulgated thereunder;

E. Award Plaintiff all attorneys' fees, expert fees, and expenses incurred in prosecuting this action; and

F. Award all other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 1, 2021 **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

**C.O. LAW, APC**
Clark Ovruchesky
2404 Broadway, Suite 150
San Diego, CA 92102
Telephone: (619) 356-8960
Email: co@colawcalifornia.com

*Attorneys for Plaintiff*